UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDMUND GUDENAS,                )        Case No. 1:09CV2169
                              )
            Plaintiff,         )
                              )
      vs.                      )        JUDGE CHRISTOPHER BOYKO
                              )        (Magistrate Judge McHargh)
BILL CERVENIK, et al.,         )
                              )
            Defendants.        )        REPORT AND
                              )        RECOMMENDATION
                              )

McHARGH, Mag.J.

The plaintiff Edmund Gudenas ("Gudenas") filed a complaint against

defendants Bill Cervenik, the City of Euclid, Kevin Blakely, Joseph Rodriguez,

Chief James Repicky, Joseph O'Donnell, Charlie Drazetic, Frank Pietravioa, and

John Does Numbers 1 through 6, in the Cuyahoga County (Ohio) Court of Common

Pleas.  (Doc. 1, PX A, Compl.)  The complaint was subsequently removed to this

court.  (Doc. 1.)

The complaint makes several allegations against the defendants, but does not

enumerate the allegations into discrete claims.  The complaint does allege that

defendants committed violations of Gudenas' constitutional rights which support a

cause of action under 42 U.S.C. § 1983.  (Doc. 1, PX A, at ¶ 35.)  In a later filing,

Gudenas identifies the constitutional rights at issue as "his First Amendment right of privacy and his Fourth Amendment right not to have his residence invaded and searched by the government."  (Doc. 13, at 14, citing Compl., at ¶ 33.)

In that regard, the complaint alleges:

33.  The above alleged actions and omissions were engaged in under color of law and authority by Defendants and proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his First Amendment right to privacy, his Fourth Amendment right to be free from the improper entry and search of his residence, and his Fourteenth Amendment right to due process and equal protection of the law in terms of having crimes against him being adequately investigated and in terms of having complaints against city officers and officials being seriously and adequately investigated.

(Doc. 1, PX A, Compl., at ¶ 33.)

The defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6).  (Doc. 7.)  Gudenas has responded with a motion to convert the motion to dismiss into a motion for summary judgment, with allowance of time for discovery.  (Doc. 13.)  Defendants oppose the motion to convert.  (Doc. 14.)


I.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Until recently, the standard for a motion to dismiss for failure to state a claim upon which relief can be granted was that the motion establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

2

Wright v. Metrohealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996).  However, in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), the Supreme Court modified the standard, in particular the "no set of facts" phrase.

The Court's ruling in Twombly abrogated Conley, and moved away from the pure notice pleading standards that had previously been a hallmark of the Civil Rules.  See, e.g., Twombly, 550 U.S. at 572-588 (Stevens, J, dissenting); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (Twombly "disavowed" Conley standard).  See generally Silva v. Hollis, No. 3:08CV2589, 2009 WL 1270297, at *1 (N.D. Ohio May 5, 2009) (Carr, J.) (applying Twombly); Dhillon v. Cleveland Clinic Found., No. 5:07CV3505, 2009 WL 901870, at *1-*2 (N.D. Ohio Mar. 31, 2009) (Adams, J.) (same); Frost v. Boyle, No. 1:06 CV 2649, 2008 WL 650323 (N.D. Ohio Mar. 5, 2008) (Oliver, J.) (Twombly abrogated Conley standard).

The Court in Twombly characterized Conley's heretofore universally-accepted[1] "no set of facts" phrase as ". . . best forgotten as an incomplete, negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Twombly, 550 U.S. at 563; Cleveland Fire Fighters, 502 F.3d at 548

---

[1] See, e.g., Twombly, 550 U.S. at 577-578 (citing cases) (Stevens, J., dissenting); O'Brien v. University Community Tenants Union, Inc., 42 Ohio St.2d 242, 327 N.E.2d 753 (1975) (syllabus).

(quoting Twombly).  The Court stated that Conley merely "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Twombly, 550 U.S. at 563.  The question inevitably arises:  How then is a claim "stated adequately"?

> The Twombly Court asserted:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly, 550 U.S. at 555 (citations omitted).  See also Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009); Cleveland Fire Fighters, 502 F.3d at 548 (quoting Twombly).  The Court protested that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Compare 5 Wright & Miller, Federal Practice and Procedure, § 1216 (2004) ("Conspicuously absent from Federal Rule 8(a)(2) is the requirement found in the [earlier] codes that the pleader set forth the 'facts' constituting a 'cause of action'.")  Justice Stevens, in dissent, characterized the decision as a "dramatic departure from settled procedural law." Twombly, 550 U.S. at 573 (Stevens, J, dissenting).

In Ashcroft v. Iqbal, the Court clarified that the new Twombly standard is not intended to be limited to complicated litigation, such as the antitrust conspiracy

4

case in Twombly.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court asserted that

the new pleading standards governing Rule 8(a) do not require "detailed factual

allegations," however they do require "factual enhancement."  Iqbal, 129 S.Ct. at

1949.  Only "a complaint that states a plausible claim for relief" will survive a

motion to dismiss.  Id. at 1950.

> The Court summarized its new "plausibility" standard as follows:
>
>> To survive a motion to dismiss, a complaint must contain sufficient
>> factual matter, accepted as true, to "state a claim to relief that is
>> plausible on its face."  A claim has facial plausibility when the plaintiff
>> pleads factual content that allows the court to draw the reasonable
>> inference that the defendant is liable for the misconduct alleged.  The
>> plausibility standard is not akin to a "probability requirement," but it
>> asks for more than a sheer possibility that a defendant has acted
>> unlawfully.  Where a complaint pleads facts that are "merely
>> consistent with" a defendant's liability, it "stops short of the line
>> between possibility and plausibility of 'entitlement to relief.' "

Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. 554).  See, e.g., Boykin v.

KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (plausibility standard).  "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).

The Supreme Court stated that "when a complaint adequately states a claim,

it may not be dismissed based on a district court's assessment that the plaintiff will

fail to find evidentiary support for his allegations or prove his claim to the

satisfaction of the factfinder."  Twombly, 550 U.S. at 563 n.8.  The function of the

court in ruling on such a motion is not to weigh the evidence, nor to appraise the

credibility of witnesses.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  Rather,

the court is simply to determine "whether a complaint states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950.

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. Miller, 50 F.3d at 377; State ex rel. Hanson v. Guernsey County Bd. of Comm'rs, 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381 (1992). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. Central States Pension Fund v. Mahoning Nat'l Bank, 112 F.3d 252, 255 (6th Cir. 1997). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).[2]

## II.  RULE 12(D)

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case, the parties "must be given a

---

[2] Presumably, certain of the Forms provided in accordance with Civil Rule 84 will be eliminated or modified. See, e.g., Fed. R. Civ. P. 84, Appendix, Form 11 ("On date, at place, the defendant negligently drove a motor vehicle against the plaintiff") and Form 15 ("On date, at place, the defendant converted to the defendant's own use property owned by the plaintiff"). Although these Forms "illustrate the simplicity and brevity," Fed. R. Civ. P. 84, that the Rules formerly contemplated, the allegations as set forth in Forms 11 and 15 would surely fail as "legal conclusions [of negligence and conversion] couched as factual allegation[s]," under Twombly and Iqbal. See Iqbal, 129 S.Ct. at 1950.

6

reasonable opportunity to present all the material that is pertinent to the motion."
Id.  A ruling on a motion for summary judgment may be found premature where
discovery has not taken place.  Wojciechowski v. Wal-Mart Assoc., Inc., No.
07-10991, 2007 WL 1290589, at *3 (E.D. Mich. May 1, 2007) (citing McKinley v.
City of Mansfield, 404 F.3d 418, 443 (6th Cir. 2005), and Vance ex rel. Hammons v.
United States, 90 F.3d 1145, 1149 (6th Cir. 1996)).

A motion to dismiss is not automatically converted into a motion for
summary judgment simply because a party submits exhibits or other materials
beyond the pleadings.  Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir.
2004) (citing cases); Casazza v. Kiser, 313 F.3d 414, 417-418 (8th Cir. 2002).  The
court has "complete discretion" whether or not to consider any material beyond the
pleadings which is submitted with a Rule 12(b)(6) motion.  Stahl v. U.S. Dept. of
Agriculture, 327 F.3d 697, 700-701 (8th Cir. 2003) (quoting 5A Wright & Miller,
Federal Practice and Procedure, § 1366).  Where the court does not rely on such
materials, or considers them irrelevant to resolution of the merits of the motion, the
court does not err in simply considering the motion as a motion to dismiss.
Pueschel, 369 F.3d at 353 n.3; Stahl,  327 F.3d at 700-701; Casazza, 313 F.3d at
418.

In his motion to convert the motion to dismiss into a motion for summary
judgment, Gudenas points out that the defendants incorporate "a great deal of
documents outside of the pleadings."  (Doc. 13, memorandum in support, at 1.)
Gudenas argues that, to properly oppose the defendants' expansive motion, he

7

would need to conduct extensive discovery, including exploration of the City of Euclid's manuals, policy, and procedures for the Police and Housing Departments, depositions of relevant persons, records and documentation from the alarm company, and so forth.  Id. at 4-9.

The defendants oppose the motion to convert, arguing that the court may consider, as "public documents," many of the exhibits attached[3] to their motion to dismiss, without necessarily converting the motion to one for summary judgment. (Doc. 14 , at 1-3.)  They contend that the court may consider documents "so long as they are referred to in the complaint and are central to the claims contained therein."  Id. at 1, quoting Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008).  The Sixth Circuit has found that when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.  Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

A classic example of such a situation is discussed by defendants.  In Weiner, a physician sought reimbursement from the claims administrator of a health plan. The plaintiff did not attach the plan document to the complaint, but the defendants

_____

[3] Although the defendants claim that the court may consider numerous exhibits as "public records" without converting their motion, doc. 14 , at 1, their legal arguments rely more on the theory that documents can be incorporated by reference into the complaint, as discussed more fully below.   In any event, the documents which they characterize as "public records" are of a different character from those typically admitted as by judicial notice.

appended the health plan to their motion to dismiss.  Weiner, 108 F.3d at 89.  The court noted that the complaint referenced the "plan" numerous times.  The court found that the plaintiff's claims were based on rights under the plan, controlled by the plan's provisions as described in the plan documents.  Thus, the court considered the plan documents along with the complaint, "because they were incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims."  Id.  The situation before the court in this case is not analogous, as there is no comparable integral document which is the basis of Gudenas' claims.

Similarly, in Jackson v. City of Columbus, the court found that a decision of the Civil Service Commission was a matter of public record and was referred to in Jackson's complaint.  Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999).  Jackson's Section 1983 suit involved several constitutional claims arising out of his suspension for allegedly improper conduct while he was the Chief of Police in Columbus.  Charges against him were heard by the Columbus Municipal Civil Service Commission, which resulted in the contested suspension.  Id. at 744.  Again, the public records of the hearing, which had been referenced in the complaint, were central to the merits of the plaintiff's claims, and the court found they were properly considered in ruling on a motion to dismiss.

In Anderson v. Ohio State University, a former faculty member alleged that the University deprived him of his federal procedural and substantive due process rights by causing his loss of tenure and termination.  Anderson v. Ohio State

University, No. C-2-00-123, 2001 WL 99858, at *1 (S.D. Ohio Jan. 22, 2001), aff'd,

No. 01-3180 (6th Cir. Dec. 5, 2001), cert. denied, 535 U.S. 990 (2002).  The court

pointed out that the case involved the procedural fairness of a hearing which

resulted in plaintiff's loss of tenure.  Id. at *2.  Thus, the court found documents of

the hearing process would be considered incorporated by reference into the

complaint, based on the allegation that the plaintiff received insufficient process.

The court also considered the police report which gave rise to his termination.  Id.

The extensive exhibits that are filed in support of the motion to dismiss here

are not referenced in the complaint, and do not share that integral character which

is found in the cases discussed above.  The court finds that the expansive

argumentation and exhibits in support of the defendant's motion to dismiss, which

is filed pursuant to Rule 12(b)(6) (see doc. 7, at 1), are premature at this point in the

proceedings.  The court does not rely on these  materials to resolve the merits of the

motion to dismiss.  See generally Pueschel, 369 F.3d at 353 n.3; Stahl,  327 F.3d at

700-701; Casazza, 313 F.3d at 418.

Were the court to grant the motion to convert, the court would be required to

give the parties "a reasonable opportunity to present all the material that is

pertinent to the motion."  Fed. R. Civ. P. 12(d).  The court has already set out a

Case Management Plan, which includes a period of full discovery ending on May 17,

2010.  (Doc. 11.)  The court finds that a full adjudication of the merits of Gudenas'

claims is premature, and is not contemplated under the Civil Rules through the

filing of a motion to dismiss.  As the Second Circuit has noted:

> The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it.

Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).  The motion to convert (doc. 13) should be denied.


## III.  DEFENDANTS' MOTION

The motion argues that Gudenas' complaint failed to allege a viable Section 1983 claim, in part because he has failed to allege facts sufficient to establish an unreasonable search in violation of the Fourth Amendment.  (Doc. 7, at 9-11.)  In addition, the defendants contend that Gudenas has failed to allege facts sufficient to establish a violation of his right to privacy under the First Amendment.  Id. at 26-30.  Also, defendants claim that Gudenas has no constitutional right to require an investigation or prosecution of a crime.  Id. at 31.  Finally, the defendants argue that they are entitled to qualified immunity.  Id. at 32-33.


### A.  Section 1983

To prove a claim under 42 U.S.C. § 1983, the plaintiff must identify a right secured by the Constitution or laws of the United States, and the deprivation of that right by a person acting under color of state law.  Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).

11

## 1.  Fourth Amendment Violation

The complaint alleges that certain defendants violated Gudenas' Fourth Amendment right to be free from the improper entry and search of his residence. (Doc. 1, PX A, Compl., at ¶ 33.)  A warrantless entry into one's home is presumptively unreasonable under the Fourth Amendment.  Payton v. New York, 445 U.S. 573, 586 (1980); Daughenbaugh v. City of Tiffin, 150 F.3d 594, 603 (6th Cir. 1998).

However, the prohibition against warrantless searches and seizures is not absolute; there are exceptions, for example, in the case of "exigent circumstances." Payton, 445 U.S. at 590.  Generally, exigent circumstances have been found in the following situations:  (1) hot pursuit of a fleeing felon, (2) imminent destruction of evidence, (3) the need to prevent a suspect's escape, and (4) an immediate risk of danger to the police or others.  Ingram v. City of Columbus, 185 F.3d 579, 587 (6th Cir.1999); United States v. Rohrig, 98 F.3d 1506, 1515 (6th Cir. 1996).  The common thread of cases finding exigent circumstances is the need for prompt action, where the delay to secure a warrant would be unreasonable.  See, e.g., Welsh v. Wisconsin, 466 U.S. 740, 750 (1984) ("urgent need").  In contrast, the government's interest is less compelling in cases involving minor offenses, which is "an important factor to

be considered when determining whether any exigency exists." Welsh, 466 U.S. at 753; Ingram, 185 F.3d at 587.[4]

The Fourth Amendment prohibition "does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) (internal citations omitted).

The complaint alleges that, after several burglaries which were reported to the police, Gudenas provided police with a key for his residence for the sole purpose of installing a burglar alarm, because he was scheduled to be away from home. (Doc. 1, PX A, at ¶¶ 15-17.) "On or about August 15, 2007, the alarm was installed and verified to be operating properly. After this time, Defendants had no permission by [Gudenas] or otherwise to enter his residence." Id. at ¶ 16. The complaint further alleges that on Aug. 16, 2007, defendants Blakely and Rodriguez of the Euclid Police "improperly and without lawful reason entered [Gudenas'] residence along with Defendant O'Donnell of the City of Euclid's building and/or housing department." (Doc. 1, PX A, at ¶ 17.)

---

[4] An additional consideration is that, where the existence of "exigent circumstances" is arguable, the Sixth Circuit has found that to be a jury question in a civil suit. Ingram, 185 F.3d at 587 (quoting O'Brien v. City of Grand Rapids, 23 F.3d 990, 998 (6th Cir. 1994)).

The complaint alleges that the August 16 entry was taken for the purpose of embarrassing Gudenas "due to the condition of the ransacked house."  Id.  The complaint continues:

> Specifically, Defendants Blakely, Rodriguez, and O'Donnell used their office and apparent authority to illegally enter [Gudenas'] residence without permission, took photographs of the ransacked house, provided those photographs to news media, and claimed to file complaints for violations against [him] for the condition of the house.  The supposed complaints for violations from Defendants' August 16, 2007, intrusion were never brought or processed.

(Doc. 1, Compl., PX A, at ¶ 18.)

The complaint thus alleges that defendants were provided a key to his residence for the sole, limited purpose of installing a burglar alarm.  (Compl., at ¶ 15.)  After the alarm was successfully installed on August 15, the complaint alleges that defendants had no further  permission to enter the residence.  Id. at ¶ 16.  The allegation is that defendants "improperly and without lawful reason" entered the residence on a later date, without permission and for improper reasons.  Id. at ¶¶ 17-18.  The complaint does not allege circumstances which would constitute exigent conditions permitting a warrantless entry, nor does the complaint allege permission to enter the residence a second time.  If Gudenas is able to substantiate his allegation that permission was limited to the initial installation of the alarm on Aug. 15, he may be able to make out a claim of improper entry on Aug. 16.

The allegations of the complaint state "a plausible claim," Iqbal, 129 S.Ct. at 1950, of a Fourth Amendment violation for a warrantless entry without permission on August 16, 2007.  When a complaint adequately states a claim, it may not be

14

dismissed based on the court's "assessment that the plaintiff will fail to find
evidentiary support for his allegations or prove his claim to the satisfaction of the
factfinder." Twombly, 550 U.S. at 563 n.8.  The court is not to weigh the evidence in
ruling on a motion to dismiss.  Miller, 50 F.3d at 377.

As discussed earlier, the exhibits in support of the defendant's motion to
dismiss, which is filed pursuant to Rule 12(b)(6), are premature at this point in the
proceedings.[5]  The court does not rely on these  materials to resolve the merits of
the motion to dismiss.  See generally Pueschel, 369 F.3d at 353 n.3; Stahl,  327 F.3d
at 700-701; Casazza, 313 F.3d at 418.  The court does not find that the allegations
of the complaint fail to state a Fourth Amendment claim upon which relief can be
granted.  Fed. R. Civ. P. 12(b)(6).

The motion to dismiss should be denied as to the Fourth Amendment claim.

### 2.  First Amendment "right to privacy"

The complaint alleges that the defendants violated "his First Amendment
right to privacy."  (Doc. 1, PX A, Compl., at ¶ 33.)  The defendants contend that
Gudenas cannot articulate a substantive source of a "right to privacy" under the
First Amendment.  (Doc. 7, at 26.)  Federal courts have not found a right of privacy
in the First Amendment.  See generally Jenkins v. Rock Hill Local Sch. Dist., 513
F.3d 580, 589 (6th Cir.), cert. denied, 128 S.Ct. 2445 (2008); Dillon-Barber v.
Regents of Univ. of Michigan, No. 99-2193, 2002 WL 31684697, at *4 (6th Cir. Nov.

---

[5]  The Case Management Plan set a discovery deadline of May 17, 2010.
(Doc. 11.)

22, 2002) (no authority for right of privacy in First Amendment).  Insofar as Gudenas makes a claim based on the First Amendment, the motion to dismiss should be granted.

However, the Supreme Court has recognized a right to privacy rooted in the substantive due process protections of the Fourteenth Amendment.  See, e.g., Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008), cert. denied, 129 S.Ct. 905 (2009); Jenkins, 513 F.3d at 589.  The protections at issue are limited to two types of interests.  The first interest deals with "matters relating to procreation, marriage, contraception, family relationships, and child rearing and education." Lambert, 517 F.3d at 440 (citing Whalen v. Roe, 429 U.S. 589).  These types of matters are not implicated by the allegations of the complaint.

The second interest is the "interest in avoiding disclosure of personal matters."  Lambert, 517 F.3d at 440 (quoting Whalen).  This interest "has been coined an informational right to privacy."  Id. (quoting Bloch v. Ribar, 156 F.3d 673, 683 (6th Cir. 1998)).  This right to privacy is not as broad as it might appear on first impression.  The Sixth Circuit has narrowly construed the right to informational privacy "only to interests that implicate a fundamental liberty interest."  Id. (quoting Bloch, 156 F.3d at 684).  The Sixth Circuit has recognized "an informational-privacy interest of constitutional dimension in only two instances:  (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature."  Id. (internal citations omitted).  The first situation does not apply here.

16

The second situation, involving information of a personal or humiliating nature, requires a closer look.  In Bloch, which involved the "personal and extremely humiliating details" of a rape, the court concluded that the plaintiff could invoke her Fourteenth Amendment right to privacy because sexual matters are interests of an intimate nature.  Id. at 441 (citing Bloch, 156 F.3d at 685).  The privacy interest at issue, the disclosure of private sexual information, involved a "fundamental right or one implicit in the concept of ordered liberty," the fundamental right to privacy in one's sexual life.  Id. (citing Bloch).

The Sixth Circuit in Lambert declined the invitation to expand the scope of informational privacy claims.  The court reaffirmed that such a claim requires the determination that the claimed privacy interest implicates a fundamental right.  Lambert, 517 F.3d at 441-444; see also Jenkins, 513 F.3d at 591.  The allegations of the complaint do not state a plausible claim for relief for a constitutional violation of a protected right to privacy.  See generally doc. 1, PX A, compl., at ¶¶ 17-18, 24.  No such right exists under the First Amendment, as alleged, and the allegations of the complaint do not claim a protected privacy interest which implicates a fundamental right protected by the Fourteenth Amendment.

The motion to dismiss should be granted as to the right to privacy claim alleged under the First Amendment.

### 3.  Investigation or prosecution of crime

The complaint alleges that certain defendants "failed to adequately investigate the burglaries" of Gudenas' residence, and failed to investigate his

complaint of unauthorized entry by the police department and others.  Gudenas

claims this failure was a violation of his Fourteenth Amendment right to due

process and equal protection of the laws.  (Doc. 1, PX A, compl., at ¶¶ 25, 33.)  The

defendants claim that Gudenas has no constitutional right to require an

investigation or prosecution of a crime.  (Doc. 7, at 31.)

　　As defendants point out, this court has rejected a failure to investigate claim

in a Section 1983 action:

> . . . the law is also clear that there is no "constitutional, statutory, or
> common law right that a private citizen has to require a public official
> to investigate or prosecute a crime." Doe v. Mayor and City Council of
> Pocomoke City, 745 F.Supp. 1137, 1138 (D.Md. 1990). Such
> "discretionary public duties ... are enforced by public opinion, policy,
> and the ballot," not litigation against individual officers and their civic
> employers. Id.  Accord, Sattler v. Johnson, 857 F.2d 224, 226 (4th Cir.
> 1988) (individual did not have a constitutional right under the equal
> protection clause to be presented with information to enable a civil suit
> or to have a crime prosecuted); Walker v. Schmoke, 962 F.Supp. 732,
> 733 (D. Md. 1997) ("[N]o federal appellate court, including the
> Supreme Court ... has recognized that there is a federally enforceable
> right for the victim to have criminal charges investigated at all, let
> alone with vigor or competence."); Fulson v. City of Columbus, 801
> F.Supp. 1, 6 (S.D. Ohio  1992) ("A public official charged with the duty
> to investigate or prosecute a crime does not owe that duty to any one
> member of the public, and thus no one member of the public has a
> right to compel a public official to act.").

White v. City of Toledo, 217 F.Supp.2d 838, 841-842 (N.D. Ohio 2002) (citing cases).

There is no such constitutional right to a criminal investigation, even when the

alleged criminal offenders are police officers.  See, e.g., Tatum v. City of Detroit, No.

2:07-15395,  2008 WL 68947, at *3 (E.D. Mich. Jan. 7, 2008)

The allegations of the complaint do not state a plausible claim for relief for an alleged constitutional violation for failure to investigate.  The motion to dismiss should be granted as to the failure to investigate claim alleged under the Fourteenth Amendment.

### 4.  Qualified immunity

The defendants claim that they are entitled to qualified immunity.  (Doc. 7, at 33-34.)  The issue of qualified immunity must be addressed at the earliest possible point in the litigation.  Pearson v. Callahan, 129 S.Ct. 808, 815 (2009); Saucier v. Katz, 533 U.S. 194, 200-201 (2001).  The Supreme Court has stated that the inquiry regarding qualified immunity is distinct from the merits of the constitutional claim itself.  Saucier, 533 U.S. at 204; Dunigan v. Noble, 390 F.3d 486, 491 n.5 (6th Cir. 2004).

A government official who is performing a discretionary function is entitled to qualified immunity from suit[6] as long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson, 129 S.Ct. at 815 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Painter v. Robertson, 185 F.3d 557, 567 (6th Cir. 1999).  In other words, any "objectively reasonable" action by a state officer, as assessed in the light of clearly established law at the time of the conduct at issue, will be protected by

---

[6] Qualified immunity is an immunity from suit, rather than a mere defense to liability.  Pearson, 129 S.Ct. at 815 ; Saucier, 533 U.S. at 200; Dunigan, 390 F.3d at 490.

qualified immunity.  Painter, 185 F.3d at 567.  Qualified immunity can be defeated if the official "knew or reasonably should have known" that the action he took would violate the constitutional rights of the plaintiff.  Harlow, 457 U.S. at 815.  Qualified immunity is a purely legal question which must be determined early in the proceedings.  Saucier, 533 U.S. at 200; Siegert v. Gilley, 500 U.S. 226, 232 (1991).

The defendants bear the initial burden of coming forward with facts which suggest that they were acting within the scope of their discretionary authority at the time in question.  Rich v. City of Mayfield Heights, 955 F.2d 1092, 1095 (6th Cir. 1992).  (The defendants here have met their initial burden:  it is uncontested that the police officers and other governmental defendants were acting in their official capacities.)

The burden then shifts to Gudenas.  The ultimate burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity.  Untalan v. City of Lorain, 430 F.3d 312, 314 (6th Cir. 2005); Cartwright v. City of Marine City, 336 F.3d 487, 490-491 (6th Cir. 2003) (citing Rich, 955 F.2d at 1095); Hamilton v. Myers, 281 F.3d 520, 531 (6th Cir. 2002).  Upon the assertion of qualified immunity, the plaintiffs must put forward "specific, nonclusory factual allegations" that would defeat the immunity.  Siegert, 500 U.S. at 236 (Kennedy, J., concurring).

The Supreme Court recently held that the "two-step sequence" previously required by Saucier v. Katz "should no longer be regarded as mandatory," and that district courts have discretion in "deciding which of the two prongs of the qualified

20

immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818. The two factors which are relevant to demonstrate whether or not the defendants are entitled to qualified immunity from suit are "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Pearson, 129 S.Ct. at 815-816 (internal citations omitted); see also Saucier, 533 U.S. at 201.

Whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a general broad proposition." Saucier, 533 U.S. at 201. The relevant inquiry in determining whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Brosseau, 543 U.S. at 199; Saucier, 533 U.S. at 202. If the law does not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Saucier, 533 U.S. at 201. See also Pearson, 129 S.Ct. at 816 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

"In other words, where a constitutional violation exists, an officer's personal liability turns on the 'objective legal reasonableness' of the action in view of the circumstances the officer confronted assessed in light of 'clearly established' legal rules." Dunigan, 390 F.3d at 491 (citing Saucier, 533 U.S. at 202; Anderson, 483 U.S. at 639).

21

The court has already determined that several of the constitutional violations alleged in the complaint are without merit.  The only surviving constitutional claim at this point is the alleged Fourth Amendment violation.

"The right of individuals to be free from unreasonable and warrantless searches is a clearly established constitutional right."  Daughenbaugh,150 F.3d at 603.  As discussed earlier, absent exigent circumstances, "warrantless searches are presumptively unreasonable."  Id. (quoting Horton v. California, 496 U.S. 128, 133, (1990)).  The factual allegations of the complaint are that permission to enter was limited (to the initial installation of the alarm on Aug. 15), and that the subsequent improper entry on Aug. 16 was made without a warrant, and without exigent circumstances.  (Doc. 1, PX A, compl., at ¶¶ 15-17.)

The court finds that it cannot establish whether the defendants are  entitled to qualified immunity on the Fourth Amendment claim, based on the factual record before the court at this point.  The court finds that limited discovery into facts underlying the assertion of qualified immunity would be appropriate.

Thus the motion to dismiss is denied as to the issue of qualified immunity, at this juncture, without prejudice to renew.


IV.  SUMMARY

The motion to convert (doc. 13) should be denied, because the court does not rely on the exhibits and other materials beyond the pleadings to rule on the motion

to dismiss.  See Pueschel, 369 F.3d at 353 n.3; Stahl,  327 F.3d at 700-701; Casazza, 313 F.3d at 418.

The motion to dismiss (doc. 7) should be granted in part, and denied in part. The motion to dismiss should be granted as to the right to privacy claim alleged under the First Amendment, and granted as to the failure to investigate claim alleged under the Fourteenth Amendment.  The motion should be denied on the Fourth Amendment claim, and denied as to qualified immunity in regard to that claim.

## RECOMMENDATION

It is recommended that the motion to dismiss (doc. 7) be granted in part and denied in part, as discussed above, and the motion to convert (doc. 13) be denied.

Dated:   Feb. 22, 2010          /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).