UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDMUND GUDENAS, | ) | Case No. 1:09CV2169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge McHargh) |
| BILL CERVENIK, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND OPINION |
| | ) | |

McHARGH, Mag.J.

The court today, June 30, 2010, held a telephone conference with the parties regarding several disputed items of discovery. This was the first contact with the court since Judge Boyko's adoption of the Report and Recommendation on March 16, 2010.

The court had expected, following its memorandum of February 22, 2010, that the parties would have focused their discovery on the issue of qualified immunity related to the remaining Fourth Amendment claims. See doc. 16, at 22 ("limited discovery into facts underlying the assertion of qualified immunity"). As the court stated at that time, it is standard in a Section 1983 action that the issue of qualified immunity is addressed at an early stage. Id. at 19. The court now

makes it explicit that the focus of discovery at this point should be on the qualified immunity issue.

Discovery which is relevant and appropriate, then, relates to documents and other information which would address the defendants' theory on the constitutionality of the entry (and related search) of the Police and Housing personnel into the Gudenas residence on August 16, 2007. For example, any contacts with the alarm company which would justify a re-entry to make the alarm properly functional. At this point, information regarding any post-entry events is not relevant.

The defendants have responded to numerous discovery requests by referencing exhibits to their earlier Motion to Dismiss. These references should be made more specific (that is, reference should be made to specific exhibits to the Motion).

If information has already been provided to a specific discovery request, and no other information exists, the response should so state.

The court expects a fuller interaction between the parties before recourse is made to the court. Several responses during the telephone conference were along the lines of "I hadn't heard that before." Ideally, discussions between the parties <u>prior</u> to contacting the court will limit these types of revelations.

IT IS SO ORDERED.

Dated:   June 30, 2010                     /s/ Kenneth S. McHargh
                                            Kenneth S. McHargh
                                            United States Magistrate Judge