UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDMUND GUDENAS, | ) | Case No. 1:09CV2169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge McHargh) |
| BILL CERVENIK, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND OPINION |
| | ) | |

McHARGH, Mag.J.

The plaintiff Edmund Gudenas ("Gudenas") filed a complaint against defendants Bill Cervenik, the City of Euclid, Kevin Blakely, Joseph Rodriguez, Chief James Repicky, Joseph O'Donnell, Charlie Drazetic, Frank Pietravioa, and John Does, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1, PX A, Compl.) The complaint was subsequently removed to this court. (Doc. 1.)

The complaint makes several allegations against the defendants, including that defendants committed violations of Gudenas' constitutional rights which support a cause of action under 42 U.S.C. § 1983. (Doc. 1, PX A, at ¶ 35.) In a later filing, Gudenas identified the constitutional rights at issue as "his First Amendment right of privacy and his Fourth Amendment right not to have his

residence invaded and searched by the government." (Doc. 13, at 14, citing Compl., at ¶ 33.)

The defendants' motion to dismiss was granted in part, and denied in part. The motion to dismiss was granted as to the right to privacy claim alleged under the First Amendment, and granted as to the failure to investigate claim alleged under the Fourteenth Amendment.  The motion was denied on the Fourth Amendment claim, and denied as to qualified immunity in regard to that claim. (Doc. 17; see also doc. 16.)

Subsequently, the defendants filed a motion for summary judgment.  (Doc. 31.) The Report and Recommendation prepared by the undersigned Magistrate Judge recommended that the defendants' motion for summary judgment be granted. (Doc. 43.)  Relevant to the present motion, the recommendation was that summary judgment should be granted to defendants Blakeley, Rodriguez, and O'Donnell on the basis of qualified immunity, and that Gudenas had not carried his burden of proof to show that these defendants were not entitled to qualified immunity.  Those three defendants entered his residence with implied consent, and explored beyond the scope of the consent because they encountered possibly hazardous housing conditions in plain view.  Gudenas filed an objection to the Report and Recommendation (doc. 46), which is pending.

Currently before the court is Gudenas' motion to reopen discovery on qualified immunity.  (Doc. 47; see generally doc. 54.)  The motion notes that defendant Blakely committed suicide on April 20, 2011, possibly in connection with

2

an investigation of alleged improprieties concerning the Euclid Police Department's evidence room. (Doc. 47, at 2; see also doc. 46, at 3-4; doc. 49, at 1.)

Gudenas claims that "there is a likely possibility that Defendant Blakely or others in the department would face discipline or charges concerning their truthfulness and honesty." (Doc. 47, at 2.) Because, in Gudenas' view, the Report and Recommendation relied on a credibility determination in favor of Blakely's testimony, Gudenas argues that he "must be permitted to reopen discovery to learn the exact nature of the investigation referred to by the Defendant Mayor Cervenik, and the involvement [of] Defendant Blakely in the events surrounding this investigation." Id.

> The Sixth Circuit has set forth the following standard for this type of motion:
>
> In considering a motion to reopen discovery, the court should consider (1) when the moving party learned of the issue that is the subject of discovery; (2) how reopening discovery would affect the ruling below; (3) the length of the previous discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

Lee v. Metropolitan Gov't of Nashville & Davidson Cnty., No. 09-6083, 2011 WL 2882227, at *6 (6th Cir. July 18, 2011) (citing Audi AG v. D'Amato, 469 F.3d 534, 541 (6th Cir. 2006)). The court will consider these factors.

As noted earlier, this case was removed to this district court on Sept. 18, 2009. The discovery deadline was originally set for May 17, 2010. (Doc. 11.) The deadline was later extended until Sept. 15, 2010. The motion for summary

3

judgment was filed on Oct. 15, 2010 (doc. 31), and after additional briefing, the Report and Recommendation was docketed on March 22, 2011 (doc. 43).

The date of Blakely's suicide was April 20, 2011, and Gudenas' motion was filed on April 29. (Doc. 47.) Thus, the court find that Gudenas was not dilatory insofar as filing his motion after he learned of the issue that is the subject of the motion. The original discovery period was extensive, covering approximately one year after the complaint was removed to this court. Although the parties had disputes during the discovery period, the parties were able to resolve them with the court's assistance.

The remaining issue, then, is how – or whether – reopening discovery would affect the recommendation on the motion for summary judgment. Lee, 2011 WL 2882227, at *6.

The defendants contend that the evidence room investigation is "wholly unrelated to the Plaintiff's claims and the issues presented in this case." (Doc. 49, at 3.) They characterize the motion to reopen as "nothing more than a fishing expedition," and point out the following:

> . . . the entry at issue in this lawsuit occurred on August 16, 2007. Det. Sgt. Blakeley's death occurred on April 20, 2011 – more than 3 1/2 years after the entry into the Gudenas residence. The investigation that the Plaintiff is referring to began in early 2011. There can be no doubt that these incidents are "post-entry" and not relevant to the issue of the re-entry into the Gudenas residence. Therefore, the discovery Plaintiff is seeking is clearly outside of the scope of discovery related to the issue of qualified immunity.

(Doc. 49, at 2.)

4

The defendants also argue that any evidence arising from a separate investigation into unrelated allegations of wrongdoing would be barred from the court's consideration by Evidence Rules 404(b) and 608. (Doc. 49, at 3.)

Gudenas responds to the evidentiary issue by arguing that the events under investigation "may likely provide evidence of the motive, intent, opportunity, plan and knowledge on the part of" Blakely and others, as to their conduct in this case, and whether they testified truthfully. (Doc. 53, at 1.) Gudenas contends that the investigation put Blakely's credibility into question, but Gudenas is also

> . . . seeking information about the investigation of the police department to learn the extent of corruption and how such pertains to the actions alleged in this case from a standpoint of motive, opportunity, intent, preparation, and plan by Defendants.

(Doc. 53, at 2.)

While it is indisputable that evidence of other acts may be admissible if "the purpose for which the evidence is offered is material or 'in issue,'" United States v. Jenkins, 345 F.3d 928, 937 (6th Cir. 2003), it is less than clear to the court how an investigation of alleged improprieties concerning the police department's evidence room has any bearing whatsoever on allegations of a warrantless entry into a private residence which occurred over three years earlier. See generally Jenkins, 345 F.3d at 937; United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994), cert. denied, 513 U.S. 1115 (1995) (other acts evidence must be material, that is, "in issue," in the case).

Of course, discovery is not limited to admissible evidence per se. The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R.Civ. P. 26(b)(1). The relevance burden is met if the party can show that the discovery sought "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Gudenas' justification for reopening discovery is essentially stated thus:

> At issue in the case will be Defendants' motive, opportunity, preparation and plan in whether they conspired to use their offices and positions to enter and then create a ruse that the entry and intrusion to Plaintiff's residence was for a legitimate purpose.

(Doc. 53, at 5.) The fruits of any additional discovery would then be used to attack Blakely's credibility "on whether there was actually a problem with the alarm" (the basis for the implied consent to enter), and "then summary judgment cannot be awarded" on the Fourth Amendment claim. (Doc. 47, at 2.)

Assume, for the sake of argument, a worst case scenario: The 2011 investigation is based on strong, credible evidence that the evidence room was looted, and the defendants were involved, but they lied about it. Even in this extreme scenario, this would not tend to show the "Defendants' motive, opportunity, preparation and plan in whether they conspired to use their offices and positions to enter and then create a ruse that the [2007] entry and intrusion to Plaintiff's residence was for a legitimate purpose." (Doc. 53, at 5.) Gudenas cannot show the relevance of the discovery sought.

The court is unconvinced that reopening discovery would conceivably affect the court's Report and Recommendation on the motion for summary judgment. The motion to reopen discovery (doc. 47) is DENIED.

IT IS SO ORDERED.

Dated: Aug. 9, 2011  /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

7