UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDMUND GUDENAS, | ) | CASE NO. 1:09CV2169 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BILL CERVENIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #43), recommending the Motion (ECF DKT #31) of Defendants, City of Euclid, Kevin Blakeley, Bill Cervenik, Charlie Drazetic, Joseph O'Donnell, Frank Pietravioa, James Repicky, Joseph Rodriguez and John Does 1-6, for Summary Judgment be granted.

For the following reasons, the Court **ACCEPTS AND ADOPTS** the Magistrate Judge's Report and Recommendation. The Motion is granted in favor of Defendants Blakeley, Rodriguez, and O'Donnell, as they are entitled to qualified immunity as a

1

matter of law. Summary judgment is granted to Defendants Pietravioa, Repicky, Cervenik, and the City of Euclid as unopposed. Summary judgment is granted to Defendant Drazetic because Plaintiff has failed to demonstrate that Drazetic encouraged the specific misconduct, or directly participated in it, or implicitly authorized or knowingly acquiesced in the allegedly unconstitutional conduct. Respondeat superior alone cannot be a basis of recovery under 42 U.S.C. § 1983.

## I. FACTUAL BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

The Complaint alleges that Defendants violated the constitutional rights of Plaintiff Edmund Gudenas ("Plaintiff"), including "his First Amendment right of privacy and his Fourth Amendment right not to have his residence invaded and searched by the government." (Complaint at ¶ 33). Defendants' earlier Motion to Dismiss was granted in part as to the right to privacy under the First Amendment and the failure to investigate claim alleged under the Fourteenth Amendment. The Motion to Dismiss was denied on the Fourth Amendment claim, and as to qualified immunity in regard to that claim.

Plaintiff alleges that, after several burglaries which were reported to the police, he provided police with a key for his residence for the sole purpose of installing a burglar alarm, because he was scheduled to be away from home on the date planned for installation. The alarm was installed on August 15, 2007. Plaintiff alleges that on August 16, 2007, Defendants Blakeley and Rodriguez of the Euclid Police improperly,

and without lawful reason, entered Plaintiff's residence, along with Defendant O'Donnell of the City of Euclid's housing department.  Specifically, Plaintiff alleges Defendants Blakeley, Rodriguez, and O'Donnell "used their office and apparent authority to illegally enter [Gudenas'] residence without permission, took photographs of the ransacked house, provided those photographs to news media, and claimed to file complaints for violations," all for the purpose of embarrassing him.  (Complaint at ¶ 18).

Defendants contend that they re-entered the residence after being notified by the alarm company that the alarm was in test mode and needed to be manually re-set.  Upon entering, housing violations, such as the stairs giving way, feces overflowing the toilet, and black mold eating the furniture in the basement, were in plain view.  Defendants contend that  these conditions were so extreme that it was immediately apparent that the conditions within the residence violated the Euclid City housing code.

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Local Rule 72.3, the "District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  However, issues raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived.  *Murr v. U.S.*,

200 F.3d 895, n.1 (6th Cir. 2000).

### **Summary Judgment Standard**

Summary judgment is appropriate where the record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court held that:

> . . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Rule 56 requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Id.* at 324.

Civil Rule 56 was totally revised by amendment effective December 2010. The Committee Note makes it clear that the standard for granting summary judgment remains unchanged. See, e.g., *Diaz v. Mitchell's Salon and Day Spa, Inc.,* No. 1:09CV882, 2011 WL 379097, at *1 (S.D. Ohio Feb. 2, 2011). However, the specific language of the Rule has been modified. The Magistrate Judge correctly points out that because the motion before the Court was filed in October 2010, it is appropriate to rely on earlier precedent.

**Section 1983 Claims**

To prove a claim under 42 U.S.C. § 1983, the plaintiff must identify a right secured by the Constitution or laws of the United States, and the deprivation of that right by a person acting under color of state law. *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir. 1994)*.*

In the Magistrate Judge's exhaustive and thorough Report and Recommendation, he accurately addresses Plaintiff's claim of a Fourth Amendment violation.  A warrantless entry into one's home is presumptively unreasonable under the Fourth Amendment.  *Payton v. New York,* 445 U.S. 573, 586 (1980); *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 603 (6 th Cir. 1998)*.*  However, the prohibition against warrantless searches and seizures is not absolute; there are exceptions, for example, in the case of "exigent circumstances," where the delay necessary to secure a warrant would be unreasonable.  *Payton,* 445 U.S. at 590. Also, there is no Fourth Amendment violation for a warrantless entry where voluntary consent has been obtained from the individual whose property is entered.  *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990).  Another exception is the plain view doctrine. *Horton v. California,* 496 U.S. 128, 133 (1990).  The plain view exception applies when (1) the officer did not violate the Fourth Amendment in arriving at the place where the evidence could be plainly viewed, 2) the item is in plain view, and 3) the incriminating character of the evidence is immediately apparent. *U.S. v. Taylor,* 248 F.3d 506 (6th Cir. 2001)*.*

**Qualified Immunity**

Defendants' Motion argues that the individual Defendants are entitled to qualified immunity. A government official who is performing a discretionary function is entitled to qualified immunity from suit as long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) *(quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))*; Painter v. Robertson,* 185 F.3d 557, 567 (6th Cir. 1999)*.* Qualified immunity is an immunity from suit, rather than a mere defense to liability. *Pearson,* 555 U.S. at 231*; Saucier v. Katz,* 533 U.S.194, 200 (2001)*; Dunigan v. Noble,* 390 F.3d 486, 490 (6th Cir. 2004)*.*  The ultimate burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity. *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005).

In the Report and Recommendation, the Magistrate Judge determined that it was reasonable for the Defendants to assume that they had implied consent to enter the residence to reset the alarm.  Plaintiff's consent to enter for purposes of installing the alarm reasonably extended to ensuring that the alarm was functioning properly. The Magistrate Judge further concludes that consent would extend no further than to the area where the alarm was located.  However, the housing violations observed by Defendants Blakeley, Rodriguez, and O'Donnell, were in plain view, and justified a warrantless search.

**Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's finding of implied consent and its extension to Defendant O'Donnell, the housing inspector.  Plaintiff also objects to the finding of consent because he was under duress or coercion when he provided a key

to his residence to the police.  Plaintiff disputes the factual determination that there was a problem with the alarm, requiring it to be manually reset on August 16, 2007. Further, because Defendants had no authority to be in Plaintiffs' residence, the plain view doctrine is not an applicable exception to an unconstitutional search.  Finally, if the individual Defendants are not entitled to qualified immunity, the ratification of their unconstitutional conduct and the lack of serious investigation of Plaintiff's complaints about the search, impose § 1983 liability upon the Defendant supervisors and the City of Euclid.

Plaintiff asserts that he gave the key to Euclid detectives under duress because his house was broken into and ransacked several times.  He was not going to be home for the installation of the alarm system, and had no other choice but to provide the key.  However, Plaintiff's assertion that he provided the key under duress or coercion was raised for the first time in his Objections; and is, therefore, waived.

It is undisputed that Plaintiff requested an alarm to be installed into his residence because of repeated burglaries within the span of a few weeks.  It is also unquestioned that Plaintiff provided the Euclid Police Department with a key to his residence to install the alarm, because he was going to be out of town at the time of the installation, and to respond to the alarm in case of a break-in.  There was, admittedly, no specific conversation about entering the home to ensure the alarm was working properly.  Once an individual provides consent, "[t]he standard for measuring the scope of [that] consent under the Fourth Amendment is that of 'objective' reasonableness."  *United States v. Purcell*, 526 F.3d 953, 962 (6th Cir. 2008).  The primary purpose of Plaintiff's consent was to install the burglar alarm.  It

follows that, after the installation, the police would have authority to enter the premises if the alarm were triggered — else there would be no point to installing the alarm. The Court concurs with the Magistrate Judge that it was objectively reasonable for Defendants to assume they had implied consent to enter the residence to reset the alarm, i.e., that the consent reasonably extended to ensuring that the alarm was functioning properly.

As for Defendant O'Donnell, the housing inspector, the implied consent to enter equally applies to him. After a rash of vandalism in the City of Euclid, an effort was spear-headed by Defendants Blakeley and O'Donnell to install alarms in vacant homes considered attractive to copper thieves. (Blakeley Depo. at 29-30). Therefore, when the request for a burglar alarm was made by Plaintiff, it was reasonable for the police to involve Defendant O'Donnell, who had the most experience in installing and maintaining the alarm systems for the City.

Once Defendants entered the Gudenas property to investigate the alarm malfunction, they testify that the poor, and perhaps hazardous, housing conditions were in plain view. Plaintiff has not refuted this testimony. Defendants were legitimately present in the house, and made a lawful entry when they observed the conditions. The Court agrees with the Magistrate Judge that, even if Defendants Blakeley, Rodriguez, and O'Donnell were mistaken as to the extent of the dangerousness of the conditions, their reasonable, but mistaken, beliefs as to the facts do not defeat qualified immunity. *Saucier*, 533 U.S. at 206.

Plaintiff also objects to the finding of implied consent because there are genuine issues of fact as to whether the alarm required re-setting. Plaintiff argues

-8-

there is no documentation of any difficulties with the alarm system.  Defendant Blakeley testified that the alarm company called and informed him Gudenas' alarm was in test mode (Blakeley Depo. at 8-11, 22); and Defendant O'Donnell testified that he personally reset Plaintiff's alarm (O'Donnell Depo. at 19).  According to Defendant Blakeley's testimony, no records would be created while the alarm was in test mode. (Blakeley Dep. at 72).  Plaintiff has not refuted these facts nor created a genuine issue for the jury.

Lastly, Plaintiff objects to the Magistrate Judge's finding in favor of the City of Euclid and those he calls "supervisor Defendants."  He argues, for the first time in his Objections, that the City, through its employees, maintained a policy of ratifying conduct which violates the Fourth Amendment right to be free from unreasonable searches.  Not only does Plaintiff provide no evidence of an unconstitutional policy, custom or practice by the City, he has waived the issue by failing to raise it before the Magistrate Judge.  *Murr, supra*.

Accordingly, the Court finds that Defendants Rodriguez, Blakeley, and O'Donnell entered Plaintiff's residence with implied consent for the purpose of re-setting the alarm.  The scope of that implied consent extended no further than the area where the alarm was located; but they observed the possibly dangerous housing violations in plain view upon their lawful entry.  Plaintiff has not carried his burden of supplying "specific, nonconclusory factual allegations" that would defeat qualified immunity.  Thus, Defendants Rodriguez, Blakeley, and O'Donnell were legitimately present in the house; their subsequent warrantless search was not illegal; they are entitled to the qualified immunity; and summary judgment is granted in their

favor.

As to Defendants Pietravioa, Repicky and Cervenik, the Magistrate Judge points out that Plaintiff fails to address the arguments put forth in their Motion for Summary Judgment that none of them had any direct involvement in the alleged violations.  Additionally, Plaintiff never counters the City of Euclid's contention that the City would not be liable if Plaintiff suffered no constitutional injury.  Therefore, summary judgment is granted in favor of these Defendants as unopposed.

Lastly, it is not disputed that Defendant Drazetic directed Defendant O'Donnell to go to Plaintiff's house. There is no question that Drazetic had some involvement in the events.  However, respondeat superior is not available as a basis of recovery under Section 1983.  *Monell v. Department of Social Serv. of the City of New York,* 436 U.S. 658, 691 (1978)*; McQueen v. Beecher Community Schools,* 433 F.3d 460, *470 (6th Cir. 2006).*  Supervisor liability is only appropriate where the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it," or at least implicitly authorized or knowingly acquiesced in the unconstitutional conduct of the offender.  *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir. 2009)*; McQueen,* 433 F.3d at 470.  Moreover, in enacting Section 1983, "Congress did not intend municipalities [or other government bodies] to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."  *Monell,* 436 U.S. at 691.

The Court agrees with the Magistrate Judge that Plaintiff failed to demonstrate that Defendant Drazetic encouraged the specific misconduct or directly participated in it, or implicitly authorized or knowingly acquiesced in the allegedly

unconstitutional conduct. Therefore, summary judgment is granted to Defendant Drazetic.

### III. CONCLUSION

For these reasons, the Court **ACCEPTS AND ADOPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and grants the Motion for Summary Judgment of Defendants City of Euclid, Kevin Blakeley, Bill Cervenik, Charlie Drazetic, Joseph O'Donnell, Frank Pietravioa, James Repicky, Joseph Rodriguez and John Does 1-6. Therefore, Plaintiff Edmund Gudenas' Complaint is dismissed.

**IT IS SO ORDERED.**

**DATE: 9/23/2011**

 S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**